UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

MINTRADE TECHNOLOGIES, LLC,

    Respondent.
_____/

**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR
FOR AN ORDER TO SHOW CAUSE AND AN ORDER ENFORCING AN
ADMINISTRATIVE SUBPOENA AGAINST MINTRADE TECHNOLOGIES, LLC**

Applicant Securities and Exchange Commission applies for an Order compelling Respondent MinTrade Technologies, LLC ("MinTrade") to comply with a subpoena to produce documents in connection with a Commission investigation of potential ongoing federal securities law violations [Exhibit 1, Subpoena], and an Order enforcing the subpoena. In support of this application, the Commission states as follows:

### I. BACKGROUND

The Commission has been investigating Swiss America Securities, Ltd., d/b/a SureTrader and MintBroker International Ltd. ("Swiss America"), a Bahamas-based broker-dealer registered with the Securities Commission of the Bahamas but not registered to act as a broker-dealer in the United States, and its owner, Guy Gentile, in connection with potential ongoing violations of the federal securities laws (the "Investigation"). Issues central to the potential violations include whether Swiss America's customers include United States residents, the solicitation of U.S. customers, and the movement of customer funds.

For the reasons set forth below, the Commission requests that this Court enter an Order to Show Cause, compelling MinTrade to appear before the Court and show cause why the Commission's subpoena for documents should not be enforced.

## II. STATEMENT OF FACTS

### A. The Commission's Authority and Reason for Investigation

1. The Commission has issued a Formal Order Directing Private Investigation and Designating Officers to Take Testimony in the Matter of Traders Cafe (FL-03848) [Exhibit 2, Formal Order].

2. Under the Formal Order, members of the Commission's staff are officers of the Commission empowered to administer oaths, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the investigation. *Id*.

3. The Formal Order directs the Commission's staff to conduct a private investigation to determine whether Trader's Cafe and its "affiliates and/or other individuals or entities related thereto" have engaged in, or are about to engage in, the enumerated potential violations of the federal securities laws. *Id*. The investigation has revealed that Traders Café, a U.S.-based day trading firm, maintained a master account at SureTrader, f/k/a Swiss America.

4. The Commission is investigating, among other things, possible ongoing violations of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a). Section 15(a) prohibits unregistered broker-dealer conduct. *Id.*

5. SureTrader, a Bahamian broker-dealer, is not registered as a broker-dealer in the United States. Nor is its CEO, Guy Gentile. However, at least one-half of SureTrader's clients are United States residents and it employs more than fifty "experienced employees," servicing

more than 20,000 clients, and processing over 12,000 trades per day [Exhibit 3, Swiss America website].

6.  MinTrade holds itself out as a company providing "custom technologies for financial services, brokerage firms and trade desks." [Exhibit 4, MinTrade website].

7.  The Investigation has revealed that MinTrade is a Florida limited liability company based in West Palm Beach connected to SureTrader and Gentile. Nicholas Abadiotakis is MinTrade's registered agent and according to his Linkedin profile, has been a trader at Stock USA Execution Services, LLC, a Gentile affiliate.[1]  [Exhibit 5, Linkedin page].

8.  On December 12, 2018, the Commission issued a subpoena to MinTrade for the production of documents related to Gentile and Suretrader and its affiliates. [Exhibit 1].

9.  MinTrade failed to comply with the subpoena.

10. Instead, MinTrade asserted that the statute of limitations has expired and the subpoena seeks documents outside the scope of the Formal Order authorizing the Commission's Investigation [Exhibit 7, Correspondence from Counsel]. The Commission attempted to confer with MinTrade's counsel, who failed to respond to email communications. *Id.*

For the reasons set forth below, the Commission requests that this Court enter an Order to Show Cause, compelling MinTrade to appear before the Court and show cause why the Commission's subpoena should not be enforced, and an Order enforcing the subpoena.

### III.  MEMORANDUM OF LAW

#### A.  The Court Has Jurisdiction And Venue Properly Lies In This District

Congress gave the Commission broad authority to conduct investigations and require production of evidence and testimony relevant to those investigations. *See, e.g.*, Sections 21(a)

---

[1] Through a trust of which Abadiotakis is the trustee, Gentile owns a majority interest in Stock USA (now known as Mint Global Markets), which clears trades for SureTrader (Exhibit 6).

and (b) of the Exchange Act, 15 U.S.C. §§ 78u(a) and (b) ("For the purpose of any such investigation, or any other proceeding under this title, any member of the Commission or any officer designated by it is empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence . . . ."); *see also S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984) ("It appears, in short, that Congress intended to vest the Commission with considerable discretion in determining when and how to investigate possible violations of the statutes administered by the Commission"); *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1380 (D.C. Cir. 1980) (given the Commission's broad statutory mandate to investigate, there was "virtually no possibility" the Commission exceeded its authority in issuing an investigative subpoena).

When parties refuse to comply with lawful Commission demands for documents issued pursuant to the Commission's broad statutory authority to investigate, Congress has authorized the Commission to seek, and the federal courts to issue, orders compelling production. "In case of . . . refusal to obey a subpoena issued to any person, the Commission may invoke the aid of any court of the United States within which the jurisdiction of which such investigation or proceeding is carried on . . . in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records." Section 21(c) of the Exchange Act, 15 U.S.C. § 78u(c). That very language also provides that venue lies in the Southern District of Florida, as it provides the Commission may seek a court order "within which the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business." *Id*.

4

Here, venue is proper in this district because the Investigation is being carried on in and requires MinTrade to produce documents in the Southern District of Florida. [Exhibits 1 & 2]. Additionally, MinTrade is located in the Southern District of Florida.

### B. The Court Should Conduct A Summary Proceeding

Under Rule 81(a)(5), *Proceedings Involving a Subpoena,* the Federal Rules of Civil Procedure apply, except as otherwise provided by statute, local rule, or by court order in the proceedings. As the Court noted in *United States v. Elmes,* 532 F.3d 1138, 1144 (11th Cir. 2008), summons enforcement proceedings are "most appropriate for streamlined procedures" (internal citation omitted). *See also S.E.C. v. Sprecher*, 594 F.2d 317, 320 (2d Cir. 1979) (upholding right of district court to enforce subpoenas in summary proceedings without the filing of a complaint pursuant to Section 22(b) of the Securities Act, 15 U.S.C. § 77v(b), which allows a district court to enforce a subpoena "upon application by the Commission"); *SEC v. McCarthy* 322 F.3d 650, 655 (9th Cir. 2003) ("summary proceedings may be conducted without formal pleadings, on short notice, [and] without summons and complaints. . .") (quoting *New Hampshire Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 406 (1960)); *First Nat'l Bank of Miami Springs,* 655 F.2d 661, 663 (5th Cir. 1981) ([Rule 81(a)(3)] make[s] application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court").[2]

Accordingly, the Commission asks the Court to promptly set an Order to Show Cause Hearing so that MinTrade's failure to comply with the subpoena is not allowed to continue. *S.E.C. v. First Security Bank*, 447 F.2d 166, 168 (10th Cir. 1971).

---

[2] The predecessor to Rule 81(a)(5) is 81(a)(3), but the change was "without substantive difference." *US v. AS Holdings Group, LLC,* 521 Fed. Appx. 405, 409, fn. 2 (6th Cir., April 3, 2013).

### C. The Commission's Subpoena Satisfies All Requirements for Enforcement

A district court's role in a proceeding to enforce an administrative subpoena "is limited." *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996). Under that limited review, a court should enforce an administrative subpoena if it is reasonably relevant to an authorized investigation. *Id.; EEOC v. Technocrest Sys.,* 448 F.3d 1035, 1040 (8th Cir. 2006).

Courts have generally looked at four criteria to determine whether to enforce a Commission subpoena: (1) the investigation is being conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information the Commission seeks is not already in its possession; and (4) the Commission has fulfilled the necessary administrative steps. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *RNR Enterprises, Inc. v. S.E.C.,* 122 F.3d 93, 96-97 (2d Cir. 1997); *S.E.C. v. Howatt*, 525 F.2d 226, 229 (1st Cir. 1975); *S.E.C. v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047, 1053 (2d Cir. 1973). Once the Commission satisfies these criteria, the burden shifts to a respondent to demonstrate the subpoena is unreasonable. *Brigadoon Scotch,* 480 F.2d at 1056. However, the burden of showing unreasonableness "is not easily met" as long as the Commission's inquiry is legally authorized and the information it seeks is relevant to the inquiry. *Id.*

### 1. The Commission's Purpose is Lawful

As discussed above, Congress has given the Commission broad authority to investigate whether the federal securities laws, rules, and regulations "have been or are about to be violated." Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a); Sections 21(a) and (b) of the Exchange Act, 15 U.S.C. §§ 78u(a) and (b). Pursuant to that authority, the Commission issued the Formal Order authorizing designated officers to conduct an investigation into possible violations of Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 15(a) and 10(b) of

6

the Exchange Act and Rule 10b-5 thereunder by Traders Cafe, its affiliates, and any related persons and entities. [Exhibit 2].

Pursuant to the authority conferred under the Formal Order, the Commission's investigative team issued a subpoena to MinTrade seeking documents related to SureTrader and Gentile [Exhibit 1].  The subpoena is within the parameters of the Commission's broad discretion to investigate: "For the purpose of any such investigation, or any other proceeding under this title, any member of the Commission or any officer designated it is empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence . . . ."); *see also O'Brien,* 467 U.S. at 745 (1984) ("It appears, in short, that Congress intended to vest the SEC with considerable discretion in determining when and how to investigate possible violations of the statutes administered by the Commission."); *Dresser Indus.*, 628 F.2d at 1380 (given the Commission's broad statutory mandate to investigate, there was "virtually no possibility" the Commission exceeded its authority in issuing an investigative subpoena).

Accordingly, the Commission's purpose in issuing the subpoena was lawful.

**2. The Commission Seeks Relevant Information**

The measure of relevance used in subpoena enforcement actions is "quite broad." *United States v. Florida Azalea Specialists*, 19 F.3d 620, 624 (11th Cir. 1994).  A district court may enforce a subpoena so long as "the materials sought are not clearly irrelevant or immaterial." *S.E.C. v. Arthur Young & Co.*, 584 F.2d 1018, 1029 (D.C. Cir. 1978) (upholding district court's use of that language as standard for relevance).

The documents subpoenaed from MinTrade are highly pertinent to the Investigation.  The Investigation concerns, among other things, SureTrader, an overseas brokerage, and Gentile soliciting U.S.-based customers in violation of the federal securities laws.  The subpoena seeks

relevant documents concerning SureTrader and Gentile [Exhibit 1], in matters that play a significant role in protecting investors. Registration Requirements for Foreign Broker-Dealers, Sec. Rel. No. 25801; 53 FR 23645, 1988 WL 1000013 (June 14, 1988) ("Registration of market professionals is a key element in the federal statutory scheme and plays a significant role in protecting investors."). "[Registration] promotes baseline levels of integrity among broker-dealers and their personnel dealing with investors, through statutory disqualification provisions and the Commission's disciplinary authority; retention of sufficient capital to operate safely, through Commission net capital requirements; and maintenance of adequate competency levels, through self-regulatory organizations ("SRO") qualification requirements." *Id.* The Commission's broad enforcement authority over broker-dealers "helps assure that investors in the U.S. securities markets are protected by the statutory and regulatory provisions governing the U.S. securities industry." *Id.* Moreover, "the Commission's financial supervision of all entities participating in the interdependent network of securities professionals contributes to the financial soundness of this nation's securities markets." *Id.*

### 3. MinTrade Possesses Information the Commission Lacks

MinTrade possesses information the Commission lacks. The documents we seek in the subpoena are not in our possession.

### 4. The Commission Has Satisfied All Necessary Administrative Steps

The Commission issued the subpoena in accord with all applicable administrative requirements. Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), empower the Commission to subpoena documents and testimony in the course of investigations. Here, Jessica Weissman, an attorney for the Division

of Enforcement, designated as an officer of the Commission in the Formal Order, issued the Subpoena to MinTrade. [Exhibits 1 & 2].

D.  **MinTrade Cannot Show the Subpoena Is Unreasonable And Its Excuses Lack Merit**

   1. **The Subpoena Is Reasonable – And MinTrade Does Not Argue To The Contrary**

As set forth above, the Commission has satisfied all requirements for enforcement of the subpoena. Accordingly, MinTrade would have to demonstrate that the subpoena is unreasonable. *Brigadoon Scotch,* 480 F.2d at 1056. Because the Commission's inquiry is legally authorized and the Commission seeks information relevant to the Investigation, MinTrade's burden "is not easily met." *Id.* MinTrade has not argued the subpoena is unreasonable. Accordingly, it cannot meet this burden. Instead, MinTrade makes two baseless arguments.

First, MinTrade refuses to produce documents on grounds "there does not appear to be a nexus or causal connection between the order of investigation and the documents being requested." [Exhibit 5]. As set forth above in Section III.C.2 above, the measure of relevance used in subpoena enforcement actions is "quite broad." *Florida Azalea Specialists*, 19 F.3d at 624. So long as "the materials sought are not clearly irrelevant or immaterial," the district court can enforce the subpoena. *Arthur Young & Co.*, 584 F.2d at 1029. Here, the documents sought are clearly and directly relevant to the Investigation. As set forth in Section II.A. above, under the Formal Order, the Commission is investigating SureTrader, Gentile, and others in connection with possible ongoing violations of the federal securities laws. *See* Section II.A ¶¶ 1-7. As is clear on the face of the subpoena, we are seeking documents from MinTrade directly related to SureTrader and Gentile [Exhibit 1, Subpoena]. Accordingly, the Commission seeks relevant documents and MinTrade should be compelled to produce them.

Next, MinTrade asserts "the subpoena is untimely and is otherwise overbroad." It is unclear why MinTrade believes the subpoena is untimely, in part because MinTrade failed to respond to our requests for further conferral. Regardless, there is no statute of limitations issue with respect to the Investigation because it concerns *ongoing* conduct. Accordingly MinTrade's argument is frivolous and the Court should compel MinTrade to respond to the subpoena and produce all responsive documents.

## IV. CONCLUSION

The Commission has satisfied all the requirements for enforcement of the subpoena. Accordingly, the Commission requests this Court to expeditiously conduct a summary proceeding and issue an Order to Show Cause compelling MinTrade to appear before the Court and show cause why the Commission's subpoena should not be enforced, and to issue an Order enforcing the subpoena.

February 6, 2019                           Respectfully submitted,


                                By:    Amie Riggle Berlin
                                       Amie Riggle Berlin, Esq.
                                       Senior Trial Counsel
                                       Florida Bar No. 630020
                                       Direct Dial: (305) 982-6322
                                       Email: berlina@sec.gov

                                       Attorney for Plaintiff
                                       **SECURITIES AND EXCHANGE   COMMISSION**
                                       801 Brickell Avenue, Suite 1800
                                       Miami, Florida  33131
                                       Telephone: (305) 982-6300
                                       Facsimile:  (305) 536-4154

## CERTIFICATE OF CONFERRAL

I hereby certify that, as set forth in this Application, Commission staff and I conferred with counsel for MinTrade in an effort to resolve this matter and asked counsel to confer further, but counsel did not respond to our request.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 6, 2019, I electronically filed the above document using CM/ECF or directed service in the method set forth in the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those who are not authorized to receive electronically Notices of Electronic Filing.

Amie Riggle Berlin<br>
Amie Riggle Berlin

## SERVICE LIST

Lorne Berkeley, Esq.
Daniels Rodriguez Berkeley Daniels Cruz
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, FL 33146
Telephone: 305-448-7988
Facsimile: 305-448-7978
Email: lberkeley@drbdc-law.com
*Attorney for Respondent*