**NON-PUBLIC**

**UNITED STATES OF AMERICA**
Before the
**SECURITIES AND EXCHANGE COMMISSION**
November 25, 2013

| | |
|---|---|
| In the Matter of<br><br>**Traders Café LLC**<br><br>FL-03848 | **ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

I.

The Commission has information that tends to show that from at least late 2012:

    A.    Traders Café LLC ("TC") is a Florida Limited Liability corporation with its principal place of business in Tampa, Florida. TC and its securities are not registered with the Commission in any capacity.

    B.    In possible violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), TC, its officers, directors, employees, partners, subsidiaries, and/or affiliates, and other persons or entities, directly or indirectly, may have been or may be offering to sell, selling, and delivering after sale to the public, or may have been or may be offering to sell or to buy through the use or medium of any prospectus or otherwise, certain securities, including, but not limited to partnership interests, as to which no registration statement was or is in effect or on file with the Commission, and for which no exemption was or is available.

    C.    In possible violation of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), TC, its officers, directors, employees, partners, subsidiaries, and/or affiliates, or other persons or entities, while acting as a broker or dealer, may have been or may be effecting transactions in or inducing or attempting to induce the purchase or sale of securities when such persons or entities were not registered with the Commission as a broker or dealer or when such persons were not associated with an entity registered with the Commission as a broker-dealer.

    D.    In possible violation of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, TC, its officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, in the offer or sale or in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, acts, practices or courses of business which operated,

**EXHIBIT 2**

operate, or would operate as a fraud or deceit upon any person. As part of or in connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, TC's business, operations, and profits.

E.  While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 5 and 17(a) of the Securities Act, Sections 10(b) and 15(a) of the Exchange Act of 1934, and Rule 10b-5 thereunder finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act and  Section 21(b) of the Exchange Act that for purposes of such investigation, Eric I. Bustillo, Glenn S. Gordon, Robert K. Levenson, Chad Alan Earnst, Cecilia M. Danger, Tonya E. Tullis, D. Corey Lawson, Steven J. Meiner, Salvatore Massa, Jessica M. Weissman, Christine A. Lynch Amie R. Berlin, Christopher E. Martin, Christine Nestor, Russell Koonin, Patrick Costello, Andrew Schiff, James Carlson, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Elizabeth M. Murphy
Secretary

By: *Jill M. Peterson*
Jill M. Peterson
Assistant Secretary

---

[1] 17 CFR 200.30-4(a)(13)

2

**NON-PUBLIC**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
April 8, 2015

| | |
|---|---|
| In the Matter of<br><br>Traders Café LLC<br><br>FL-03848 | SUPPLEMENTAL ORDER DESIGNATING AN ADDITIONAL OFFICER |

IT IS ORDERED that the order of the Commission adopted on November 25, 2013, authorizing a private investigation of the above captioned matter, based upon possible violations of the provisions of the federal securities laws, be and it is hereby amended by designating as an additional officer of the Commission, Sajjad Matin.

For the Commission, pursuant to delegated authority, by the Division of Enforcement.[1]

Brent J. Fields
Secretary

```
Action as set forth or recommended herein
APPROVED pursuant to authority delegated by
the Commission under Public Law 87-592.
For:   Division of Enforcement
By:    Glenn S. Gordon
       [signature]
       4-8-15
```

---

[1] 17 C.F.R. 200.30-4(a)(1).