UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:19-mc-20496-KMW**

_____

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

MINTRADE TECHNOLOGIES, LLC,

    Respondent.
_____

GUY GENTILE,

    Applicant for Intervention.
_____

**MOTION TO INTERVENE AND SUPPORTING MEMORANDUM OF LAW**

    Intervenor, Guy Gentile, moves for good cause shown to intervene as of right, pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, or alternatively, move for permissive intervention, pursuant to Rule 24(b)(1)(B), Federal Rules of Civil Procedure.

    1.    Applicant for Intervention, Guy Gentile seeks to intervene as a matter of right, or alternatively, seeks permissive intervention, as Gentile has a direct and substantial interest in the above-captioned matter. In the alternative, Gentile's claims against the Securities and Exchange Commission ("Commission" or "SEC") share with this action common questions of law and fact.

    2.    On February 8, 2019, Gentile filed a federal action in the District of New Jersey for declaratory and injunctive relief to prevent the Commission – acting principally through its staff attorneys in the Miami Regional Office of the SEC – from continuing to abuse its investigatory process and the process of the federal courts by conducting a six-year sham "investigation" into

Gentile and his Bahamian broker-dealer, which the office has been conducting without obtaining an appropriate, authorized Formal Order of Investigation. (Exhibit 1). The Commission is using the Formal Order "*In the Matter of Traders Café, LLC*" (Traders Café FOI) to conduct its investigation into Gentile, which authorizes an investigation into individuals related to Traders Café for conduct that involves Traders Café and its principals and agents and predates 2012. (Exhibit 2).

3.      Gentile seeks relief from the SEC's abuse of process, misused to investigate Gentile under the Traders Café FOI, dated November 5, 2013. But the Traders Café FOI makes no reference to Gentile or anyone or anything related to him, because Gentile has no connection to Traders Café or any of its agents or related parties. The actual investigation into Traders Café that the Commission authorized six years ago appears to have concluded in 2014 when the principals of Traders Café pleaded guilty to selling unregistered securities and entered into settlement agreements with the SEC. If the SEC uncovered evidence suggesting that Gentile or SureTrader were engaged or were about to engage in a securities violation that was entirely separate from the investigation being conducted into Traders Café, the SEC staff attorneys were obligated to obtain a new FOI from the Commission under 17 C.F.R. § 202.5(a).

4.      The "investigation" into Gentile out of the Miami Regional Office of the SEC has been undertaken without an appropriate Formal Order of Investigation (FOI) authorizing the staff to investigate Gentile or his broker dealer, making the entire investigation improper. The SEC has admitted in papers filed in this action that for a subpoena to be valid it must be "reasonably relevant to an authorized investigation." (SEC Motion to Compel at 12). Indeed, during the hearing that took place on March 19, 2019, the SEC's Assistant Regional Director, Jessica Weissman, testified in no uncertain terms that there was absolutely no connection between Traders Café, or its principals and agents, and Guy Gentile, SureTrader, or MinTrade Technologies ("MinTrade").

(Exhibit 3). Rather, Ms. Weissman testified that the only connection was that Traders Café previously maintained an account at SureTrader, an account that was closed over six years ago, in March 2013. While Ms. Weissman should be aware that the Traders Café account maintained at SureTrader was closed in March 2013, she did not mention this in her testimony. Moreover, the purported investigation into Gentile and SureTrader all stem from (benign) conduct from the time period after the account was closed, and therefore it is not "reasonably related to any authorized investigation." The SEC's blatant misuse of the Traders Café FOI to harass Gentile requires all outstanding subpoenas issued under it and evidence collected to date to be quashed.

5.     On December 12, 2018, the SEC subpoenaed MinTrade pursuant to the Traders Café FOI seeking documents and correspondence concerning the relationship between Gentile and MinTrade (one of Gentile's entities).

6.     The SEC's unauthorized "investigation" into Gentile and all purportedly related subpoenas are an abuse of process and brought solely for the purpose of harassing Gentile, ruining his reputation and impeding his ability to make a living. Gentile's pending action in the District Court of New Jersey was brought to prevent the SEC from continuing to improperly interfere with Gentile's livelihood, by seeking a court order quashing of all subpoenas issued thereunder. Gentile's New Jersey action against the SEC specifically seeks to quash several subpoenas and any evidence obtained through them that was served on Gentile, his lawyer, his trustee, his bank, his company's vendors and clients, and other individuals and entities served pursuant to the Traders Café FOI, which includes MinTrade.

7.     On or around February 6, 2019, the SEC filed an action in the United States District Court for the Southern District of Florida seeking to compel the production of documents and from MinTrade, and is this action in which action Gentile moves to intervene.

8.      On March 29, 2018, the SEC filed a Motion to Dismiss Gentile's complaint in *Gentile v. SEC*, arguing lack of subject matter jurisdiction and venue, among other things. (Exhibit 4).

9.      Once he is permitted to intervene, Gentile will ask this Court to stay the SEC's Miami subpoena enforcement action against MinTrade until resolution of the matter *Gentile v. SEC*, since Gentile's interest in the SEC's subpoena enforcement action against MinTrade is so situated that the disposition of the action will, as a practical matter, impair or impede Gentile's ability to protect his interests. (Exhibit 5). If Gentile is prevented from intervening, the SEC will be allowed to proceed in its ongoing harassment of Gentile, unauthorized and without a legitimate Formal Order, while he is currently litigating the question of whether the SEC's investigation of both him and SureTrader are "reasonably related" to Traders Café.

10.     Certificate of Counsel. Defendant represents it does not oppose in the intervention of Gentile. Counsel for the SEC was asked whether it would oppose or consent in the intervention of Gentile on April 1 and twice on April 2, and counsel refused to consent to the application, but rather stated the SEC "will provide its position after it has received and reviewed this Motion." Following a phone conversation on April 3 with counsel for the SEC, the SEC informed me that it would "oppose this motion for mandatory intervention." The SEC did not reconcile how it filed a brief in New Jersey last week arguing that Gentile should be in Miami, with its position in Miami that Gentile has no right to intervene. Following a phone conversation on April 3 with counsel for the SEC, the SEC informed counsel that it would "oppose this motion for mandatory intervention." The SEC did not reconcile how it filed a brief in New Jersey last week arguing that Gentile should file its action in Miami, with its position in Miami that Gentile has no right to intervene.

## MEMORANDUM OF LAW

Rule 24, Federal Rules of Civil Procedure, in relevant part, provides that:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action...(2) when the applicant claims an interest relating to the property or transaction is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action...(2) when an applicant's claim or defense and the main action have a question of law or fact in common...(3) in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

### I. Intervention as a Matter of Right

A party seeking to intervene as of right must show "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc*. 519 F.3d 1298, 1302 (11th Cir. 2008) (citing *Chiles v. Thornburgh* 865 F.2d 1197, 1213 (11th Cir. 1989)). When the applicant makes the required showing, intervention must be permitted. *Stone v. First Union Corp.*, 371 F.3d 1305 (11th Cir. 2004); *U.S. v. State of Ga.*, 19 F.3d 1388 (11th Cir. 1994). The Applicants' motion for intervention meets each other these criteria identified in *Fox* and *Chiles*. Accordingly, the Applicants' motion for intervention should be granted.

Gentile has the right to intervene under FRCP 24(a) in this action as (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect his interest, and his interest is represented inadequately by

the existing parties to the suit. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Each of these elements supports Gentile's right to intervene under FRCP 24(a)(2) in the subpoena enforcement action that the Securities and Exchange Commission has brought against him. Moreover, the SEC has argued in its recently filed Motion to Dismiss Gentile's complaint in the New Jersey action, that Gentile is entitled to intervene in this action as a matter of right. Specifically, the SEC asserted in its brief that "Gentile's ability to seek to intervene in the subpoena enforcement actions to assert the purported defenses he seeks to assert here constitute an adequate remedy at law. [internal citations omitted]" (SEC MTD, in 2:19-cv-05155-JLL-JAD, Dkt. 11-1, pg. 17)

### A. Gentile's intervention is timely.

The SEC filed its subpoena enforcement action against MinTrade on February 6, 2019 and Gentile immediately filed a lawsuit against the SEC on February 8, 2019. That litigation is ongoing and is set to be fully briefed on Gentile's motion for a preliminary injunction, and the SEC's motion to dismiss by April 15, 2019. In its motion to dismiss filed in New Jersey on March 29, 2019, the SEC argued that the only proper venue to litigate Gentile's opposition to the subpoenas and the propriety of the investigation under the Traders Café FOI is Miami in these actions. Gentile immediately sought to intervene in this case pursuant to FRCP 24 and to stay this case pending resolution of the primary case. Therefore, given that Gentile acted promptly to intervene in the SEC's subpoena enforcement action, it is indisputable that this application to intervene is timely.

### B. Gentile has an interest in the transactions that are the subject of the pending action against MinTrade.

In addition to bringing a timely intervention, Gentile also has a direct interest in the transactions that are the subject of the December 12, 2018 subpoena that was delivered to MinTrade. In its brief supporting its application for an order enforcing administrative subpoenas, the SEC makes clear that it is using its subpoenas to MinTrade to collect information about Gentile

and Swiss America (d/b/a MintBroker International, Ltd. formerly d/b/a Sure Trader).

In the December 12, 2018 subpoena to MinTrade, the name "Gentile" appears in the "documents to be produced" section, seeking information relating to the relationship between MinTrade and Gentile. The SEC's brief filed in its enforcement action connects MinTrade to Gentile by stating that Gentile is the owner of Mintbroker, which is a Bahamas-based broker-dealer that "appears to have held Swiss America customer's funds during a time period relevant to the Commission's investigation." SDFL brief, p. 2. The allegation is false, as documents in the SEC's possession make clear.

In each of the document requests, the SEC seeks information about Gentile's businesses through a request to MinTrade and the other entities. Therefore, Gentile has a particular interest in the enforcement action for an administrative subpoena that the SEC is now seeking to enforce against MinTrade in the Southern District of Florida. But none of these documents are "reasonably related" to the investigation authorized in the Traders Café FOI. As a result, Gentile should be allowed to intervene in the action and to defend his interests.

      **C.**    **The disposition of this case, as a practical matter, will impact Gentile's ability to protect his interests.**

The third element of a Rule 24 inquiry is whether the intervenor has a legally protectable interest in the litigation. *Chiles v. Thornburgh*, 865 f.2d 1197, 1212 (11th Cir. 1989). Gentile is seeking to intervene in this case because the subpoena that was served on MinTrade is clearly directed at gaining information about Gentile and his business dealings, and specifically communications with his attorney, and documents belonging to companies he owns. Gentile is personally targeted by the December 12, 2018 subpoena to MinTrade as the subpoena seeks information about and communications from Gentile's trading company Swiss America d/b/a SureTrader and MintBroker International. Based on these requests made in the Subpoena that the SEC now seeks to enforce, it is clear that Gentile has a personal and legally protectable interest in

7

the administrative subpoena enforcement action because he has been named in the subpoena and the principle documents that the subpoena seeks to discover including communications, and correspondence between Gentile or his entity Swiss America (d/b/a SureTrader and MintBroker International, Ltd.) and MinTrade or Mint Custody.

Gentile, like MinTrade, beginning with a subpoena dated March 30, 2016, has been improperly served subpoenas regarding the Traders Café FOI. Like MinTrade, Gentile has refused to voluntarily cooperate with those subpoenas because they have been served on him pursuant to an unrelated FOI and because Gentile believes that an appropriate FOI is unobtainable by the SEC staff as they do not have any evidence that he has engaged or is about to engage in any violation of the securities laws. This subpoena enforcement action against MinTrade implicates Gentile because it is an effort to gain production of documents without subpoenaing Gentile himself. If Gentile himself had been subject to a subpoena himself, he would have had the opportunity to bring a motion to quash the subpoena under Federal Rule of Civil Procedure 45 due to the fact that the subpoena was brought under an invalid FOI. Through intervening in this subpoena enforcement action, Gentile intends to make arguments that will protect his rights, similar to the entity MinTrade's rights. In this context, it is worth nothing that Ms. Weissman testified at the March 19 hearing that she discovered Gentile was soliciting United States customers in violation of the securities laws in 2014. If this is true, which it is not, there is no justifiable reason for the SEC, which is required by Congress to act to protect investors, to permit Gentile to continue violating the securities laws for five years. The obvious conclusion drawn from the SEC's conduct in this "investigation" is that it has yet to uncover any evidence that Gentile has engaged in or is about to engage in any violation of any securities laws, and specifically that he has not solicited any United States customers. The SEC's assertions that it is investigating whether he has United States customers and "movement of customer funds" is a red herring, as neither of those facts

8

suggest a violation of any law. Unregistered broker-dealers are allowed to have United States customers in full compliance with US laws, they are just not permitted to solicit them. Nor is there any prohibition on "movement of customer funds" within the United States as the laws that permit unregistered broker dealers to service unsolicited United States customers necessarily permits these dealers to move customer funds to where the customer is, i.e., the United States.

It is notable that, in addition to the SEC's actions subpoenaing MinTrade, the SEC has also issued multiple improper/and unauthorized subpoenas to third parties that have a business relationship with Gentile. The entities that have subpoenaed include Gentile's banks and other business associates. The subject matter of the subpoenas has been Gentile and Gentile's business even though all of them have been made under the Traders Café FOI, which does not mention Gentile or authorize any investigations relating to him. Because of the subpoenas that have been served upon them, many of Gentile's business affiliates have ceased doing business with him. Thus, intervening in this SEC action to enforce an administrative subpoena against MinTrade will enable Gentile to argue his case that the subpoenas that the SEC has been sending to his business associates are not properly made pursuant to a formal order of investigation and that the SEC process has not followed the rules and has instead unnecessarily damaged his legitimate business interests.

## II.     Permissive Intervention

Alternatively, under FRCP 24(b) Gentile can may permissively intervene in the SEC action for enforcement of an administrative subpoena. To be successful, an applicant for permissive intervention must show "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 at 1213. Gentile's application meets the criteria.

As shown above, Gentile's application to intervene is timely. In addition, Gentile's claim in a related case in the District of New Jersey has questions of law and fact in common with MinTrade's defense of the enforcement of the subpoena that the SEC served on it on December 12, 2018. *Sellers v. United States,* 709 F.2d 1469, 1471 (11th Cir.1983); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). MinTrade was served pursuant to the Traders Café FOI, and the main defense to MinTrade's action for enforcement of an administrative subpoena is that the FOI pursuant to which the subpoena was served is invalid and unenforceable. Gentile has also been served with subpoenas pursuant to the Traders Café FOI. Gentile's main defense to the enforcement of the subpoena is that it is invalid and unenforceable because the requests are not "reasonably related" to any authorized investigation. In addition, a number of other associates of Gentile have been served with subpoenas pursuant to the Traders Café FOI.

MinTrade's defense against the SEC's service of a subpoena in the Southern District of Florida has common questions of law and fact with the lawsuit that Gentile has brought in the United States District Court for the District of New Jersey that seeks to quash several subpoenas and any evidence obtained through them that was served on Gentile, MinTrade, his trustee, his banks, his companies vendors and clients, and other individuals and entities related to his business.

Because Gentile filed a complaint against the SEC before Judge Linares who oversaw a case which the SEC informed the Judge was a "related case" and Judge Linares will have the fully briefed arguments before him by April 15, 2019, it would be appropriate for this Court to stay these proceedings in favor of the plenary case.

WHEREFORE, Applicant for Intervention respectfully requests the Court grant Guy Gentile's Motion to Intervene, and for such other and further relief as the Court considers appropriate.

Dated: April 4, 2019

Respectfully submitted,

**MARSHALL GRANT, PLLC**
*Counsel for Guy Gentile*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@marshallgrant.com

By: /s/ Joe M. Grant
     JOE M. GRANT
     Florida Bar No. 137758


By: /s/ Adam C. Ford
Ford O'Brien LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
aford@fordobrien.com
Phone: (212) 858-0040
*Counsel for Guy Gentile*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 4th day of April 2019, I electronically filed the foregoing document with the Clerk of Court using ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Joe M. Grant*
Joe M. Grant

## SERVICE LIST VIA ECF

Office of the Clerk
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 N. Miami Ave
Miami, FL 33128
305-523-5100

Amie Riggle Berlin
United States Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
305-982-6300
Fax: 305-536-4154
Email: berlina@sec.gov

Ari A. Sweetbaum
Daniels Kashtan
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, FL 33146
305-448-7988
Fax: 305-448-7978
Email: asweetbaum@dkdr.com

Lorne Ethan Berkeley
Daniels Rodriguez Berkeley Daniels & Cruz, P.A.
4000 Ponce De Leon Boulevard. Suite 800
Coral Gables, FL 33146
305-448-7988
Fax: 448-7978
Email: lberkeley@drbdc-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-mc-20496-KMW

---

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

MINTRADE TECHNOLOGIES, LLC,

    Respondent.

---

GUY GENTILE,

    Applicant for Intervention.

---

**AFFIRMATION**

## AFFIRMATION OF ADAM C. FORD

I, Adam C. Ford, affirm the following under penalties of perjury:

    1.    I am member in good-standing of the bar of the States of New York, admitted to practice before this Court in this matter *pro hac vice*, and counsel for Guy Gentile herein.

    2.    I submit this affirmation in support of Guy Gentile's Motion to Intervene and Supporting Memorandum of Law, and to place before this Court true and correct copies of certain documents.

    3.    Attached as Exhibit 1 hereto is a true and correct copy of the *Guy Gentile v. SEC* Complaint filed on February 08, 2019.

    4.    Attached as Exhibit 2 hereto is a true and correct copy of the August 17, 2015 Traders Café FOI with copy of Formal Order.

5.Attached as Exhibit 3 hereto are a true and correct copy of the March 19, 2019 Weissman transcript.

6.Attached as Exhibit 4 hereto is a true and correct copy of SEC's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction dated March 29, 2019.

7.Attached as Exhibit 5 hereto is a true and correct copy of a Proposed Motion to Intervene with Attachment A.

Dated: April 4, 2019
New York, NY

_____
Adam C. Ford, Esq.
Ford O'Brien, LLP
575 Fifth Avenue, 17th Floor
New York, NY 10017
(212) 858-0040
aford@fordobrien.com