# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20496-MC-WILLIAMS/TORRES

SECURITIES AND EXCHANGE
COMMISSION,

       Applicant,

v.

MINTRADE TECHNOLOGIES, LLC,

       Respondent.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO INTERVENE

Before the Court is a Motion to Intervene filed by GUY GENTILE ("Gentile") on April 4, 2019. [D.E. 19]. The Securities and Exchange Commission ("SEC" or "the Commission") filed a Response in Opposition to the Motion on April 24, 2019, [D.E. 24], and Gentile's Reply followed on April 29. [D.E. 25]. Having considered the Motion, the arguments presented by both parties, and the relevant legal authorities governing the dispute, we hereby **RECOMMEND** that the Motion be **DENIED**.

### I.    FACTUAL BACKGROUND

On February 6, 2019, the SEC filed suit in this District asking for assistance in requiring MinTrade Technologies ("MinTrade") to comply with a subpoena to produce documents in connection with the Commission's investigation into a day-trading firm known as "Trader's Café." The SEC is looking into whether Trader's Café

violated Sections 5(a), 5(c), 15(a) and 17(a) of the Securities Act of 1933, which precludes unauthorized entities or persons from engaging in "broker-dealer conduct" within the United States.[1]

A company known as "Swiss America" came to the attention of the SEC when the Commission learned that Trader's Café maintained a "master account" with that company. According to the SEC, Swiss America is a Bahamian broker-dealer that is not currently licensed to engage in brokerage activities in the United States; despite this, half of its clients reside in this country. Swiss America's chief executive officer is Guy Gentile, who also allegedly is not authorized to sell securities in the United States. The SEC links Gentile to the Trader's Café investigation by way of an individual named Nicholas Abadiotakis, MinTrade's registered agent. Abadiotakis also works as a trader for a company known as Stock USA Execution Services, now known as Mint Global Markets; Gentile, through a trust controlled by Abadiotakis, owns a majority stake in Stock USA/Mint Global.

The SEC initiated the underlying action on February 6, 2019, seeking to compel MinTrade, a Florida limited liability, to comply with a subpoena issued to it in this District on December 12, 2018. Two days after the SEC filed its application here, Gentile filed suit in U.S. District Court for the District of New Jersey, alleging that the SEC is engaged in a "sham investigation" into his financial activities and

---

[1] A Formal Order of Investigation, dated November 25, 2014, authorized the SEC to subpoena witnesses and documents, take testimony, and to collect information related to Trader's Café's brokerage activities. [D.E. 19-2, p. 4]. The order gives the SEC power to investigate any persons, subsidiaries or other entities associated, directly or indirectly, with Trader's Café. *Id.*

arguing that the Commission lacks authority to conduct its investigation under the terms of the Formal Order of Investigation ("FOI") directed at Trader's Cafe. [D.E. 9-1]. Mr. Gentile requested, as part of the relief sought in the New Jersey action, to "quash several subpoenas and any evidence obtained through them" served on "Gentile, his lawyer, his trustee, his bank, his company's vendors and clients, and other individuals served pursuant to the Traders Café" FOI, which would include the subpoena served on MinTrade in this District. *Id*.

Gentile then moved to intervene in this action. [D.E. 19]. He argues that he is entitled to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, and asks that he be permitted to do so "to stay the SEC's subpoena enforcement action against MinTrade until resolution" of the New Jersey suit. *Id*. In the alternative, Gentile argues that he should be allowed to intervene permissively under Federal Rule of Civil Procedure 24(b). *Id*.

The matter is now fully-briefed and therefore ripe for disposition. In our view, Gentile cannot satisfy the avenues available to him under Rules 24(a) or 24(b), and we therefore recommend that his request to intervene in this matter be denied.

## II.   LEGAL STANDARD

"Rule 24 provides two avenues for a nonparty to intervene in a lawsuit; intervention as of right and intervention with permission of the court." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006). Rule 24(a) of the Federal Rules of Civil Procedure allows intervention as a matter "of right" when the moving party "claims an interest relating to the property or transaction that is the

3

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as a matter of right, a party must satisfy four requirements: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

Rule 24 allows for "permissive" intervention, in the discretion of the Court, when a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "It is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *In re Bayshore*, 471 F.3d at 1246 (quoting *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991)).

### III.   ANALYSIS

#### A.   *Intervention as a Matter of Right*

Gentile argues that he satisfies the requirements of Rule 24(a) that would allow him to intervene as a matter of right. [D.E. 19].[2] In presenting this argument,

---

[2]   Gentile appears to have lost the very justification he uses to support his argument for intervention in this case – namely, to put a halt to these proceedings while the District Court in New Jersey decides whether to enjoin the Commission from continuing its investigation. [D.E. 19, p. 4]. As the record now makes clear, the case in New Jersey has been dismissed for lack of subject matter jurisdiction. [D.E.

4

however, he ignores binding Supreme Court precedent stating that "the right of a third party to intervene in an enforcement action 'is permissible only and is not mandatory.'" *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 748 n.19 (1984) (quoting *Donaldson v. United States*, 400 U.S. 517, 529 (1971)); *see also Matter of an Application to Enforce an Admin. Subpoena Duces Tecum of S.E.C. v. Cahan & Co.*, 1995 WL 472350, at *1 (E.D. Pa. Aug. 10, 1995) ("Intervention under Federal Rule of Civil Procedure 24 in a subpoena enforcement action is permissible only, not mandatory.") (quotation and citation omitted); *In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 182 F.R.D. 196, 205 (E.D. Va. 1998). Thus, Gentile has no *right* to intervene. *See* Fed. R. Civ. P. 24(a)(2).

We would nevertheless recommend the Motion be denied even if we could analyze Gentile's request under Rule 24(a). First, we find that Gentile has failed to show that he possesses a legally protectable interest in these proceedings. *See CFTC v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) ("Failure to satisfy even one of [Rule 24(a)'s] requirements is sufficient to warrant denial of a motion to intervene as a matter of right."). Intervention as of right "is only available if the interest asserted is 'direct, substantial, and legally protectable.'" *Huff v. Comm'r of I.R.S.*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). In other words, "the intervenor must be at least a real party in interest in the transaction which is the

---

26-1]. In that decision, the Honorable Chief Judge Jose L. Linares found that Gentile could not enjoin the Commission from conducting the investigation he takes issue with here. [D.E. 26-1].

5

subject of the proceeding," *id.*, and "the interest [must] be one which the substantive law recognizes as belonging to or being owned by the applicant." *United States v. South Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991). "Thus, a legally protectable interest is an interest that derives from a legal right." *Mt. Hawley*, 425 F.3d at 1311.

Gentile, as opposed to identifying a protectable interest he *derives from a legal right*, instead makes blanket, unsupported assertions that he is entitled to intervene because *some* of the documents that *may* be produced by MinTrade *might* include information related to himself or one of his businesses. This is insufficient as a matter of law. *See Donaldson*, 400 U.S. at 530-531 (denying third party's attempt to intervene, under Rule 24(a)(2), because the "asserted interest [was]…nothing more than a desire by [the moving party] to counter and overcome [the subpoena targets'] willingness, under summons, to comply and to produce records."). And Gentile's conclusory claim that the SEC's investigation has "unnecessarily damaged his legitimate business interests" is also insufficient to show he possesses a protectable interest here. *Mt. Hawley*, 425 F.3d at 1311 ("This Court has held that a legally protected interest is *something more than an economic interest*.") (quotation omitted; emphasis added); *see also S.E.C. v. Brigadoon Scotch Distributing Co.*, 480 F.3d 1047, 1056 (2d Cir. 1973) ("[T]he mere suggestion by appellants of possible damage to their business activities is not sufficient to block an authorized inquiry into relevant

6

matters.").[3] Gentile's inability to identify any interest in which the substantive law recognizes as "belonging to or owned by the applicant" dooms his attempt to intervene. *South Fla. Water Mgmt. Dist.*, 922 F.2d at 710 (emphasis in original).

Next, we disagree that denying Gentile's Motion would somehow impair or impede his ability to protect a legal interest he currently possesses. Gentile's main contention as to the subpoenas served in this District involve his argument that the SEC is misusing the FOI – directed at Trader's Café – to look into his own activities, and that any attempt to do so cannot proceed absent a new FOI allowing for such an investigation to take place. [D.E. 19, p. 2]. As discussed by Judge Linares in his Order dismissing Gentile's attempt to enjoin the SEC investigation altogether, however, Gentile remains free to challenge the integrity of the investigation if the SEC initiates proceedings against him. [D.E. 26-1, p. 13 ("The fact remains that Congress has designated an exclusive mechanism for such challenges, and that mechanism is in response to a proceeding initiated by the SEC.")]. Until that time, we see no reason to permit Gentile to interfere with the SEC's investigation into third parties on the sole basis that such pursuits *may* also include information related to his own activities. *Cf. First Jersey Securities, Inc.*, 553 F. Supp. at 213 ("An action brought in

---

[3]   *See also Hunter v. S.E.C.*, 879 F. Supp. 494, 501 (E.D. Pa. 1995) ("There is no constitutional right not to be investigated for suspected violations of federal law by an agency authorized by Congress to conduct such investigations in its discretion, or not to be injured in one's reputation or business prospects as a consequence of such an investigation."); *cf. First Jersey Securities, Inc. v. S.E.C.*, 553 F. Supp. 205, 213 (D.N.J. 1982) ("The court is not unmindful of the harm which may be caused by the publicity incident to the filing of a complaint by the S.E.C. However, such adverse publicity is an unfortunate by-product of every such action, but it does not warrant judicial intervention on the ground that such action can be successfully defended.").

good faith cannot be enjoined solely on the ground that the defendant named therein [believes he] will ultimately succeed. That argument is more properly addressed in a motion to dismiss an action rather than one to enjoin its commencement."); *Hunter*, 879 F. Supp. at 501 ("Virtually anyone under investigation, however innocent or confident of vindication he may be, will sustain emotional distress. If this were a ground for enjoining an investigation, virtually no investigation of suspected wrongdoing could ever be completed.").

Third, we are not persuaded that any arguable interest held by Gentile with regard to these proceedings would be inadequately represented by MinTrade, the target of the subpoena. As an initial matter, Gentile has not set forth any evidence of record that would support such a contention, which in and of itself would allow us to deny the Motion. *See Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (affirming denial of motion to intervene when intervenor "presented no evidence that the EPA [did] not adequately represent its interests.").

Additionally, Gentile's main contention – that the SEC lacks authority to investigate his own activities because its reliance on the Trader's Café FOI is misplaced – is the same argument raised by MinTrade in its Response to the SEC's application. [D.E. 13, p. 2 ("The scope of the FOI, on its face, clearly does not provide the SEC authority to issue the subpoenas at issue as to Respondent, which as the SEC concedes, is the basis for the origination of the proceedings.")]. This undermines Gentile's argument that intervention is necessary, as the exact arguments he intends to rely upon in challenging the subpoena are before the Court at this very moment.

8

*See Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999) ("We presume adequate representation when an existing party seeks the same objectives as the would-be interveners."); *Associated Industries of Alabama, Inc. v. Train*, 543 F.2d 1159, 1161 (5th Cir. 1976) (affirming denial of motion to intervene because the positions of the named defendants and the intervenor were "identical," that "[n]o claim or defense on behalf of [the intervenor] has been suggested which is not or will not be asserted by the [ ] defendants," and "no aspects of the case [ ] would be illuminated by the [intervenor's] presence in the suit.").[4]

Finally, we reject Gentile's contention that the SEC has taken two different positions on the issue. [D.E. 25]. Despite his claims to the contrary, the SEC has not insisted that Gentile's "*only* avenue for relief is to intervene in this case." *Id.*, p. 5 (emphasis original). As reflected in Judge Linares' opinion on Gentile's attempt to enjoin the SEC's investigation, "proper intervention in those actions *may* provide an adequate forum for Plaintiff to challenge the Florida investigation." [D.E. 26-1].[5] In no way does the decision indicate that intervention is the *only* way Gentile could challenge the SEC's actions, or that the Commission at any point took the position

---

[4]   Decisions of the former Fifth Circuit rendered before October 1, 1981 constitute binding precedent. *See Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

[5]   At the time Judge Linares issued his opinion, he was aware that (1) Gentile had sought to intervene in the subpoena enforcement actions brought by the SEC in this District, and (2) that the Commission opposed Gentile's attempt to do so. [D.E. 26-1, p. 13]. This further undermines Gentile's claim that the SEC is engaging in some form of gamesmanship, as the record makes clear that the SEC's position at all times on *both* issues had been before Judge Linares at the time he reached his decision and did not impact that decision either way.

9

that the *sole* avenue for such an attack involved his need to intervene here. And, as stated above, Gentile will not be left "without any court in which to bring his claims," as he argues in his papers, because he remains free to raise those challenges "when or if the SEC seeks some judicial intervention *as to him*." *Id*.

Accordingly, we find that intervention as a matter of right is not available to Gentile here.

### B. *Permissive Intervention*

Rule 24(b), which deals with permissive intervention, provides that a district court may grant intervention when the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court to allow intervention under Rule 24(b)," even if there is a common question of law or fact. *Worlds*, 929 F.2d at 595.

In this case, we find that permissive intervention would also be inappropriate. The Securities Exchange Act of 1934 authorizes the SEC to use summary proceedings to enforce orders in the district courts. *See* 15 U.S.C. § 78u(e) (emphasis added). Here, MinTrade – the target of the subpoena at issue – has received noticed of the action, been given an opportunity to be heard, and has now moved to challenge the Commission's reliance on the Trader's Café FOI to issue the subpoena. *See SEC v. McCarthy*, 322 F.3d 659-60 (9th Cir. 2003) (finding that fairness and due process require a district court afford a *respondent* the opportunity to be heard before ruling on a Section 78u(e) application) (emphasis added). Further delaying this case would

prejudice the SEC's ability to continue its investigation into MinTrade's activities, if indeed that investigation is allowed to continue in this specific context,[6] and MinTrade's ability to contest the subpoena's validity. Thus, the threat of such a delay weighs heavily against allowing permissive intervention here. *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").

Indeed, there can be no doubt that Gentile's *sole reason* in seeking to intervene is to simply to delay enforcement of the subpoena issued to MinTrade. [*See* D.E. 19, p. 4]. Gentile justifies intervention by relying on his filing of the federal action in New Jersey, whereby he sought to enjoin all aspects of the SEC's investigation into his financial activities. *Id.* That justification no longer exists, as Judge Linares dismissed Gentile's attempt to enjoin the SEC from conducting its investigation.[7] And even if this were not the case, there remains no basis for Gentile to intervene simply to obtain a stay of the action before Judge Williams. *See Home Design v. Banyan*, 2007 WL 9719238, at \*1 (M.D. Fla. Nov. 21, 2007) ("Where, as here, a party seeks to intervene

---

[6]  We pause here to once again note that MinTrade is challenging whether the FOI gives the Commission the power to issue the subpoena at issue, which is the exact argument Gentile claims he intends to assert if allowed to intervene.

[7]  We disagree with Gentile's attempts to portray the proceedings here as the same as those that remained pending in New Jersey at the time his Motion was filed (but which have since been dismissed). [D.E. 19, p. 10]. The New Jersey case sought a stop to *all* investigations commenced by the SEC related to Gentile; the case here involves the SEC's determination as to whether MinTrade's activities bring them within the purview of the Trader's Café investigation, and whether or not it must comply with the issued subpoena.

11

not to press a claim or defense, or to align itself either as a plaintiff or as a defendant – *but only to obtain a stay* – Rule 24 of the Federal Rules of Civil Procedure is not an appropriate vehicle for seeking to stay the action.") (emphasis added); *Rockhill-Anderson v. Deere & Co.*, 2014 WL 12731906, at *3 (S.D. Ala. Jan. 8, 2014) (denying motion to intervene under Rule 24(b) because "[the] request to intervene is intertwined with [a] request for a stay of [the] proceedings in this case" and "[the moving parties] supply no authority to support their request for a stay that is independent from their arguments supporting their motion to intervene."); *International Paper Co. v. QBE Ins. Corp.*, 2010 WL 1294118, at *2 (M.D. Ala. Mar. 31, 2015) ("[The movant asks] to intervene for the sole purpose of requesting a stay. The rule makes no mention of intervening for this purpose, and [the movant] provides no authority for granting the Motion on this basis.").

Ultimately, the decision to permit a party to permissively intervene is left to the sound discretion of the District Court. *See Worlds*, 929 F.2d at 595. We recommend that the Motion be denied when it is so clearly evident from Gentile's own Motion that he seeks to intervene simply to "press pause" on the proceedings as to the SEC's investigation into MinTrade and Trader's Café. *See Jerry T. O'Brien*, 467 U.S. at 750-51 ("A target…[cannot] delay disclosure of damaging information by seeking intervention in all enforcement actions brought by the Commission[.] … Especially in the context of securities regulation, where speed in locating and halting violations of the law is so important, we would be loath to place such potent weapons in the hands of persons with a desire to keep the Commission at bay."). Our decision

12

does not prevent Gentile from later pursuing the arguments he hopes to raise as to the validity of the Commission's investigation, and he will be free to assert such a challenge if the SEC decides to bring formal charges against him in the future. Intervention in these proceedings is not the appropriate mechanism for him to make such a challenge, however, and we therefore conclude that the Motion should be denied.

### III. CONCLUSION

For the reasons stated herein, we **RECOMMEND** that Gentile's Motion to Intervene be **DENIED**. Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of May, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

13