UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

CASE NO. 19-mc-20496-KMW

SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

vs.

MINTRADE TECHNOLOGIES, LLC,

    Defendant.

GUY GENTILE,

    Intervenor.

**WRITTEN OBJECTIONS FROM THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF MAY 28, 2019 REJECTING MR. GUY GENTILE'S MOTION TO INTERVENE IN THE ABOVE CAPTIONED ACTION**

    Guy Gentile respectfully objects to the Magistrate Judge order denying his motion to intervene in the above captioned action in which the SEC seeks to enforce a subpoena served on MinTrade Technologies ("MinTrade") seeking his documents, pursuant to a Formal Order of Investigation that has no relationship to either MinTrade or Mr. Gentile – thus making the ongoing investigation (now more than six years old) into Mr. Gentile *ultra vires*. [Dkt. 27, Magistrate's Report and Recommendation]. Mr. Gentile requests a *de novo* hearing on the issue of whether he may intervene as of right in the above captioned action or undertake a permissive intervention. The Magistrate Judge erred in applying the elements of FRCP 24(a) and FRCP 24(b) when it held that Mr. Gentile could not intervene in this action. Section I sets forth the

ways in which the Magistrate Judge erred in his analysis of Mr. Gentile's claim for intervention as of right under FRCP 24(a), and Section II sets for the Magistrate Judge's error with regard to permissive intervention under FRCP 24(b)

    **I.**    **The magistrate judge erred in denying Mr. Gentile's motion for an intervention under FRCP 24(a)**

As the magistrate judge set forth, the four elements that must be present if an intervenor is to be granted intervention as of right are as follows: "(1) his application to intervene is timely; (2) he must have an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action, as a practical matter, may impede or impair his protected interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.* 519 F.3d 1298, 1302 (11th Cir. 2008) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). The Magistrate Judge erred when he denied Mr. Gentile's intervention as of right based on each of these elements.

    **A. Mr. Gentile's motion to intervene was timely**

In his Report and Recommendation, the Magistrate Judge found that Mr. Gentile's application for intervention was untimely. But Mr. Gentile filed his motion to intervene in this SEC subpoena enforcement as soon as possible given the procedural posture of Mr. Gentile's plenary case against the SEC in the District of New Jersey. As this Court is aware, within a day of the SEC using this court's process to compel compliance with subpoenas that it issued without having obtained a FOI related to the subject matter of its investigation, Mr. Gentile filed a lawsuit in the District of New Jersey to preclude the SEC from serving any subpoenas or otherwise continuing its investigation into him without first obtaining a FOI, as it is congressionally required to do. In that case, the SEC argued that Mr. Gentile's only avenue of

2

relief was to intervene in this case. As such, Mr. Gentile immediately moved to intervene based on the SEC's novel argument that the only proper venue to litigate Gentile's opposition to the subpoenas and the propriety of the investigation under the Traders Café FOI was through intervention in subpoena enforcement actions brought in this court. [*Gentile v. SEC,* No. 19-05155, Dkt. 11-1, p. 17]. Indeed, as late as May 14, 2009 Judge Linares of the District of New Jersey noted in his decision dismissing the District of New Jersey action that ". . . proper intervention in those actions [the *Marin* and *MinTrade Techs, No. 19-20496* actions in the Southern District of Florida] may provide an adequate forum for Plaintiff to challenge the Florida investigation . . ." [*Gentile v. SEC,* No. 19-05155, Dkt. 20, p. 13]. Given this posture, it is indisputable that Mr. Gentile's motion to intervene on April 4, 2019 was timely. Thus, the Magistrate Judge erred in holding that Mr. Gentile's intervention was untimely and this Court should not adopt his recommendation.

> **B. Mr. Gentile has an interest relating to the property or transaction which was the subject of this action and, as a practical matter, the outcome of this case could impair Mr. Gentile's ability to protect his interest**

The Magistrate Judge's Report and Recommendation also contained two other erroneous recommendations. The Magistrate Judge erroneously found that that Mr. Gentile did not have a legally protectable interest in the information sought, and that the outcome of this case would not impair Mr. Gentile's ability to protect his interests. [Dkt. 27, p. 6-7]. These rulings ignore the factual record here. The documents and information sought in the MinTrade subpoena are documents directly related to Mr. Gentile and his businesses, as the SEC Assistant Regional Director, Jessica Weismann testified. Moreover, like all business owners, Mr. Gentile has a legally protectable interest in continuing to service his clients and do business in accordance with the law and under normal commercial circumstances – and without being the target of an SEC investigation being conducted without any FOI that is reasonably related to Mr. Gentile or

3

his businesses.

The Magistrate Judge's recommendation that Mr. Gentile must wait to challenge the invalidity of the SEC's investigation until the SEC files an enforcement action against him is particularly troubling.  There is absolutely no evidence in the record supporting a finding that the documents being sought in the subpoenas have any reasonable relation to any FOI approved by the Commission.  Moreover, the SEC successfully argued in the New Jersey action that the only avenue to challenge these subpoenas was to intervene in this action and the Marin action.  The net effect of these two rulings therefore is to preclude Mr. Gentile from obtaining any judicial review of these subpoenas that have been issued without any authorizing FOI.  Such an outcome is antithetical to our justice system.

        C.    **MinTrade cannot represent Mr. Gentile's interests in this case such that Mr. Gentile should be granted intervention rights in the subpoena enforcement action**

The Magistrate Judge also erred when he recommended a finding that MinTrade adequately represented Mr. Gentile's interests in this matter.  MinTrade, when making its argument in favor of quashing the subpoena served on it, of course, was not in possession of all the information and background necessary to adequately make the relevant legal arguments.  Thus, to the extent that Magistrate Judge Torres stated that MinTrade can adequately represent Mr. Gentile in this case, the Magistrate Judge committed an error that should be rectified by this Court.

        II.    **The Magistrate Judge erred in denying Mr. Gentile's alternative argument that he should be granted a permissive intervention under FRCP 24(b)**

Mr. Gentile's alternative argument that he should be allowed to intervene under FRCP 24(b) was also denied in error.  Like under the intervention as of right analysis, Mr. Gentile's intervention under the permissive intervention analysis was timely.  In addition, the Magistrate

4

Judge erred by privileging the SEC's need to conduct a speedy investigation (which it has already been conducting for six years without having found any evidence of wrongdoing). The SEC has not treated this investigation as a serious one.  SEC counsel has testified under oath that their investigation is six years old, and if their testimony is to be credited, that the SEC uncovered that Mr. Gentile was soliciting United States customers in violation of the securities laws for the past five years.  Of course, Mr. Gentile has not ever solicited United States customers, and if he has, obviously the SEC does not believe it is a real problem since they have been aware of the conduct for longer than the statute of limitations and have failed to file any enforcement action or otherwise take any action against him.  It is plain that the purpose of the SEC's "investigation" is simply to continuously harass Mr. Gentile.  Thus, the prejudice of delay to the SEC's investigation if Mr. Gentile is allowed to intervene in this case is small compared to the stakes for Mr. Gentile if his associates and business partners continue to be served subpoenas under the Traders Café FOI which does not authorize the current investigation into Mr. Gentile. Subpoenas sent to Mr. Gentile's affiliates have been effectively used to alienate Mr. Gentile's business partners to the extent that some of them refuse to continue to do business with him.  As a result, Mr. Gentile submits to this Court that it should not follow the recommendation of the Magistrate Judge in this instance and should instead, in its discretion, grant Mr. Gentile either intervention as of right or permissive intervention.

## Conclusion

Mr. Gentile thus opposes the recommendation of the Magistrate Judge in this action and asks this Court to grant Mr. Gentile's intervention as of right in the above captioned action or, alternatively, to grant Mr. Gentile's permissive intervention in this case.

Dated: June 14, 2019

                                         Respectfully submitted,

                                         **MARSHALL GRANT, PLLC**
                                         *Counsel for Guy Gentile*
                                         197 South Federal Highway, Suite 200
                                         Boca Raton, FL 33432
                                         Telephone: 561.361.1000
                                         Facsimile: 561.672.7581
                                         Email: jgrant@marshallgrant.com

                                         By: /s/ Joe M. Grant
                                              JOE M. GRANT
                                              Florida Bar No. 137758

                                         By: /s/ Adam C. Ford
                                              Ford O'Brien LLP
                                              575 Fifth Avenue, 17th Floor
                                              New York, NY 10017
                                              aford@fordobrien.com
                                              Phone: (212) 858-0040
                                              *Counsel for Guy Gentile*

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this 14th day of June 2019, I electronically filed the foregoing document with the Clerk of Court using ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Joe M. Grant*
Joe M. Grant

**SERVICE LIST VIA ECF**

Office of the Clerk
Wilkie D. Ferguson, Jr. U.S. Courthouse 400 N. Miami Ave
Miami, FL 33128
305-523-5100

Amie Riggle Berlin
United States Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
305-982-6300
Fax: 305-536-4154
Email: berlina@sec.gov

Ari A. Sweetbaum Daniels Kashtan
4000 Ponce De Leon Boulevard, Suite 800 Coral Gables, FL 33146
305-448-7988
Fax: 305-448-7978
Email: asweetbaum@dkdr.com

Lorne Ethan Berkeley
Daniels Rodriguez Berkeley Daniels & Cruz, P.A. 4000 Ponce De Leon Boulevard. Suite 800
Coral Gables, FL 33146 305-448-7988
Fax: 448-7978
Email: lberkeley@drbdc-law.com