UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  19-mc-20496-WILLIAMS/TORRES

SECURITIES AND EXCHANGE COMMISSION,

      Applicant,

v.

MINTRADE TECHNOLOGIES, LLC,

      Respondent.

_____/

APPLICANT SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO
GUY GENTILE'S OBJECTIONS TO REPORT AND RECOMMENDATION

I.  INTRODUCTION

Movant Guy Gentile's objections [D.E. 29] to Magistrate Judge Torres' Report and Recommendations [D.E. 27] are barred as untimely, as well as meritless.  The Court should not consider Gentile's untimely objections and should adopt the Report and Recommendation to deny Gentile's motion to intervene in this summary proceeding to enforce administrative subpoenas issued to Respondent MinTrade Technologies, LLC ("MinTrade").

Additionally, Gentile seeks to intervene so he can move to stay this case pending resolution of a lawsuit he filed against the Commission in the District Court of New Jersey, *Gentile v. SEC*, Case No 19-cv-5155 (D.N.J.) (the "New Jersey Case") [D.E. 19 & 19-5, Proposed Motion To Stay].  The New Jersey Case has been dismissed [D.E. 26] and Gentile has appealed the dismissal to the Third Circuit Court of Appeals.  Therefore, it appears Gentile is now seeking to intervene to stay this proceeding until the conclusion of the appeal and, if he is successful, the remand and rehearing by the New Jersey District Court of his lawsuit against the Commission.  Gentile is in essence seeking to an

indefinite delay of the Commission's investigation of him and his companies, which would prejudice the Commission severely by hampering and delaying our mission to investigate potential securities law violations.  An indefinite delay penalizes not only the Commission but also the public.  *See Hunter v. S.E.C.*, 879 F.Supp. 494, 502 (E.D.Pa. 1995)("There is a substantial public interest in permitting a federal agency to exercise its statutory duties . . . .").

## II.  GENTILE FAILED TO TIMELY FILE OBJECTIONS

Pursuant to Federal Rule of Civil Procedure 72, and as stated in the Report and Recommendations, parties have 14 days to object to a Magistrate Judge's Report and Recommendations. Fed. R. Civ. P. 72; D.E. 27.  Magistrate Judge Edwin G. Torres issued the Report and Recommendation on May 24, 2019, and Gentile's counsel was served that same day via cm-ecf [D.E. 27].  Therefore, Gentile had until June 11, 2019 to file objections.  He failed to file his objections by this deadline and instead filed on June 14 [D.E. 29].  Accordingly, the Court should not consider Gentile's untimely objections and should adopt and ratify the Report and Recommendation to deny the motion to intervene.

## III.  MAGISTRATE JUDGE TORRES CORRECTLY FOUND THAT INTERVENTION AS OF RIGHT IS NOT PERMISSIBLE IN A SUBPOENA ENFORCEMENT ACTION, WHICH RENDERS GENTILE'S RULE 24(A) MOTION FUTILE – AND GENTILE DOES NOT OBJECT TO THIS FINDING

Magistrate Judge Torres correctly found that Gentile's motion to intervene as of right must be denied because the Supreme Court has held that "the right of a third party to intervene in an enforcement action 'is permissible only and is not mandatory.' "  [D.E. 27 at pp.4-5 (citing *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 748 n.19 (1984); *Donaldson v. United States*, 400 U.S. 517, 529-30 (1971)) (additional citations omitted)].   Gentile does not dispute this finding. However, this finding renders all of Gentile's objections about intervention as of right moot.

Nonetheless, we address his objections to Magistrate Judge Torres' additional findings concerning intervention as of right under Rule 24(a).

## IV.  GENTILE'S OBJECTIONS THAT MAGISTRATE JUDGE TORRES ERRED IN FINDING GENTILE FAILED TO SHOW THE FACTORS UNDER RULE 24(a) ARE WRONG

Magistrate Judge Torres found that even if it could analyze Gentile's request under Rule 24(a), he would nonetheless recommend the motion be denied [D.E. 27 at p.5].  Gentile does not dispute that Magistrate Judge Torres applied the correct legal standard for determining intervention as of right under Federal Rule of Civil Procedure 24(a).  Specifically, the Court must find that (1) Gentile's application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action, as a practical matter, may impede or impair his protected interest; and (4) his interest is represented inadequately by the existing parties to the suit.  *Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996).  *See CFTC v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) ("Failure to satisfy even one of [Rule 24(a)'s] requirements is sufficient to warrant denial of a motion to intervene as a matter of right.").

Gentile objects on grounds that Magistrate Judge Torres erred in finding that Gentile meets none of these factors.  As to the first factor, Gentile objects on grounds the Court erred in finding his motion was untimely [D.E. 29 at pp.2-3].  However, Magistrate Judge Torres did not make any recommendations as to the timing factor [D.E. 27].  Accordingly, the Court should not consider this objection because it is irrelevant.

### A.  Magistrate Judge Torres Correctly Found That Gentile Failed To Demonstrate The Second Factor - An Interest Relating To The Property Or Transaction Which Is The Subject Of This Action

Magistrate Judge Torres found that Gentile failed to show that he has a legally protectable interest in this matter. [D.E. 27 at pp.5-6].  Gentile does not object to the legal framework Magistrate

3

Judge Torres considered in reaching his conclusion.  Specifically, Magistrate Judge Torres correctly found:

> Intervention as of right "is only available if the interest asserted is 'direct, substantial, and legally protectable.' " *Huff v. Comm'r of I.R.S.*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)).  "[T]he intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding," *Id*., and "the interest [must] be one which the substantive law recognizes as belonging to or being owned by the applicant." *United States v. South Fla. Water Mgmt. Dist*., 922 F.2d 704, 710 (11th Cir. 1991). "Thus, a legally protectable interest is an interest that derives from a legal right." *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.,* 425 F.3d 1308, 1311 (11 Cir. 2005).

[D.E. 27 at p.6].  Nor does Gentile take issue with Magistrate Judge Torres' finding that Gentile only asserts that some of the documents that MinTrade may produce might include information related to Gentile or his businesses. *Id.*

Magistrate Judge Torres correctly relied on Supreme Court and other case law to find that this is not sufficient to demonstrate a legally protectable interest derived from a legal right. *Id.* at pp. 6-7. Gentile does not object to the reliance on these cases or provide any case law to the contrary.  Instead, he objects on grounds that he has a purported legally protectable interest in continuing to service his clients and do business in accordance with the law and under normal commercial circumstances, without being the target of an SEC investigation. [D.E. 29 at p.3].  Gentile offers no legal support for his objections whatsoever.  Because there is none.

Gentile raised this same argument in support of his motion to intervene and Magistrate Judge Torres correctly rejected it.  In doing so, Magistrate Judge Torres relied on *Mt. Hawley*, 425 F.3d at 1311, which held that "a legally protected interest is something more than an economic interest," and *S.E.C. v. Brigadoon Scotch Distributing Co.*, 480 F.3d 1047, 1056 (2d Cir. 1973), which held that "the mere suggestion by appellants of possible damage to their business activities is not sufficient to block an authorized inquiry into relevant matters." [D.E. 55 at p.10].  Gentile

4

does not address these cases or offer any legal support to the contrary.[1]   Accordingly, his objection

lacks any legal basis and should be rejected.

### B.  Magistrate Judge Torres Correctly Found That Gentile Failed To Demonstrate The Third Factor – That His Interest Will Be Impeded If He Cannot Intervene

Magistrate Judge Torres correctly found that denying Gentile's motion to intervene does not

hinder his ability to protect his legal interests because he can raise any challenges to the investigation

during any proceeding filed against him and the mere fact that he is under investigation does not

change this result [D.E. 27 at p.7 (citing D.E. 26-1 at p.13 and *Hunter v. S.E.C.*, 879 F. Supp. 494,

501 (E.D. Pa. 1995) ("Virtually anyone under investigation, however innocent or confident of

vindication he may be, will sustain emotional distress. If this were a ground for enjoining an

investigation, virtually no  investigation  of  suspected wrongdoing could ever be completed.")).

Gentile does not object to the legal basis for Magistrate Judge Torres' finding.  Instead,

Gentile objects, with no legal support, on grounds the Commission successfully got the New Jersey

Case dismissed by arguing Gentile could intervene in this case and the documents sought in the

subpoena have no connection to the Formal Order of Investigation [D.E. 29 at p.3].  As to the former

argument, it is not true.  The New Jersey District Court noted that Gentile could raise any challenges

during any enforcement proceeding initiated against him [D.E. 26-1 at p.13 ("[H]e is free to reserve

his challenge to the integrity of the investigation in the context of an eventual SEC enforcement

proceeding against him")].  The Court also noted the possibility that Gentile might not be permitted

---

[1] Additionally, the Supreme Court has found there is no interest justifying intervention where the interest asserted is that documents sought in the subpoena are about the movant. *Donaldson*, 400 U.S. at 530-31 (rejecting argument that third party might produce documents reflecting movant's finances).  The Supreme Court has also found that individuals under investigation do not have legally protectable interests based on their status as a target. *O'Brien*, 467 U.S. at 748 (finding no 4th, 5th or 6th Amendment rights for target to obtain notice of subpoenas).

to intervene in this case.  Specifically, the Court found as follows, including the footnote included in

this excerpt:

> In enacting Section 78u(c) as the 'exclusive avenue' for challenging an SEC
> investigation, Congress did not necessarily guarantee that this avenue would be
> available at any time to any individual or entity who could conceivably be
> implicated by that investigation.[2]  Rather, that avenue is guaranteed to those
> individuals and entities presently facing direct legal consequences from the SEC's
> enforcement authority.

[D.E. 26-1 at p.12].  Thus, Gentile's objections that he will be harmed if not permitted to intervene

because he is under investigation and the New Jersey District Court dismissed his case because the

Commission argued intervention was his only source of relief are both meritless.

### C.  Magistrate Judge Torres Correctly Found That Gentile Failed To Demonstrate The Fourth Factor – That MinTrade Cannot Adequately Represent His Interest

Magistrate Judge Torres correctly found that Gentile failed to show that MinTrade cannot

adequately represent any arguable interest Gentile has in these proceedings because Gentile has not

set forth any evidence of record that would support such a contention. [D.E. 27 at p.8, citing *Sierra*

*Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (affirming denial of motion to intervene

when intervenor "presented no evidence that the EPA [did] not adequately represent its interests.")].

Additionally, Magistrate Judge Torres found that Gentile's main contention – that the

Commission lacks authority to investigate him because its reliance on the Formal Order of

Investigation is misplaced – has been argued by MinTrade in its Response to the Commission's

Application.  As set forth in the Report and Recommendation, this undermines Gentile's argument

---

[2] Indeed, at least in this forum and under these circumstances, it is less than clear that Plaintiff – a non-party to the judicial intervention sought in connection with the Florida investigation thus far– is in a position to challenge the investigation as an abuse of process. *Cf. Huff*, 2009 WL 10667890 at *7 (holding that Section 78u(c) does not justify jurisdiction for the Court to entertain the Huffs requests to quash the SEC subpoenas as they relate to individuals and entities other than the Huffs and the companies they own," since "[t]hese other individuals and entities' failures to comply with the SEC subpoenas could not… expose the Huffs to criminal prosecution").

that intervention is necessary because the arguments he intends to raise if permitted to intervene are the same arguments already before the Court through MinTrade [D.E. 27 at p.9, citing *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999) ("We presume adequate representation when an existing party seeks the same objectives as the would-be interveners."); *Associated Industries of Alabama, Inc. v. Train*, 543 F.2d 1159, 1161 (5th Cir. 1976) (affirming denial of motion to intervene because the positions of the named defendants and the intervenor were "identical," that "[n]o claim or defense on behalf of [the intervenor] has been suggested which is not or will not be asserted by the [ ] defendants," and "no aspects of the case [ ] would be illuminated by the [intervenor's] presence in the suit.").

Gentile does not object to the legal basis or factual findings supporting Magistrate Judge Torres' recommendation that the Court find Gentile failed to show MinTrade does not adequately represent his interests. Instead, he argues that MinTrade does not possess all of the information Gentile has. However, he fails to identify any information MinTrade purportedly lacks [D.E. 29 at p.4]. Nor could he. The only issue that will ever be before this Court in this summary proceeding – other than the instant motion to intervene – is whether or not to enforce the subpoena issued to MinTrade. Once that issue is decided, this summary proceeding will be closed. The issues to be determined in connection with whether to enforce a subpoena are narrow and limited, and Gentile cannot cite a single fact of which MinTrade purportedly lacks knowledge that renders it inadequate to represent his interests in this proceeding.

Accordingly, the Court should reject the objections to Magistrate Judge Torres' findings concerning intervention under Rule 24(a). Magistrate Judge Torres correctly found that there is no intervention as of right in a subpoena enforcement action and even if there were, Gentile failed to meet his burden to intervene as of right.

## V.  GENTILE'S OBJECTIONS THAT MAGISTRATE JUDGE TORRES ERRED IN FINDING GENTILE CANNOT MEET THE FACTORS <br> UNDER RULE 24(b) ARE WRONG

Magistrate Judge Torres correctly found that Gentile failed to meet his burden for permissive intervention under Rule 24(b).  As Magistrate Judge Torres correctly explained, a district court may grant intervention when the moving party "has a claim or defense that shares with the main action a common question of law or fact in common." [D.E. 27 at p.10, quoting Fed. R. Civ. P. 25(b)(1)(B)].  "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court to allow intervention under Rule 24(b)," even if there is a common question of law or fact. *Worlds v. Dep't of Health and Rehabilitative Servs*., 929 F.2d 591, 595 (11th Cir. 1991)).

Magistrate Judge Torres correctly found four bases for denying Gentile's motion for permissive intervention.  First, Gentile's purported justification under Rule 24(b) – the New Jersey Case – no longer exists because it was dismissed and even if it was not dismissed, it does not share the same issues of fact and law [D.E. 27 at pp.10-11 & n.7].  Gentile does not object to these findings.  On this basis alone, the Report and Recommendation should be adopted because Gentile does not object to the finding that he failed to make the necessary showing under Rule 24(b) that he has a claim or defense that shares with the main action a common question of law or fact in common.

Second, Magistrate Judge Torres found that Rule 24(b) is not the appropriate vehicle for seeking to stay a proceeding, which is the sole basis Gentile provides for seeking to intervene. *Id.* at pp.11-12].  Gentile does not object to this finding.  Third, Magistrate Judge Torres found that the sole reason for Gentile's motion to intervene is to delay the Commission's investigation of him and his companies. *Id.* at p.11.  Incredibly, Gentile does not object to this finding, either.  Fourth,

8

granting Gentile's motion to intervene would further delay the Commission's investigation and thus prejudice the Commission. *Id.* This is the only finding to which Gentile objects [D.E. 29].

Gentile argues that Magistrate Judge Torres erred in finding that permitting intervention would prejudice the Commission by delaying our investigation because, according to Gentile, the Commission has been investigating him for more than 5 years, does not take the investigation seriously, and is only conducting the investigation to harass him [D.E. 29 at pp.4-5]. Gentile provides no legal or factual support for these highly speculative and baseless assertions. Nor can he. While the Formal Order of Investigation was issued in 2013, the details of the investigation are not public. However, the only evidence presented about the investigation – which was undisputed – is that our investigation is ongoing and these proceedings and MinTrade's refusal to comply with the subpoena are delaying the investigation of matters that concern potential ongoing securities law violations.

Gentile does not object to the finding that he failed to make the necessary showing for permissive intervention. Accordingly, the Court should adopt and ratify the Report and Recommendations, denying Gentile's motion to intervene in this summary proceeding.

## VI. CONCLUSION

For the reasons set forth above, the Court should adopt and ratify the Magistrate Judge's Report and Recommendations, and deny Gentile's motion to intervene [D.E. 19].

June 28, 2019                          Respectfully submitted,


                        By:     Amie Riggle Berlin
                                Amie Riggle Berlin, Esq.
                                Senior Trial Counsel
                                Florida Bar No. 630020
                                Direct Dial: (305) 982-6322
                                Email: berlina@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE    COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida  33131
Telephone: (305) 982-6300