UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-20496-MC-WILLIAMS

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

MINTRADE TECHNOLOGIES, LLC,

    Respondent.
_____/

## ORDER

**THIS MATTER** is before the Court on Respondent MinTrade Technologies, LLC's ("MinTrade" or "Respondent") motion to stay. (DE 40). This Court previously reviewed and adopted Magistrate Judge Edwin G. Torres's Report and Recommendation (DE 33) (the "Report") regarding the Securities and Exchange Commission's ("SEC") Application for an Order to Show Cause and an Order Enforcing an Administrative Subpoena (DE 1) and set a show cause hearing in this matter based on the Report's recommendation. (DE 37). Following a show cause hearing held on November 13, 2019, this Court entered an order (DE 39) granting the SEC's petition to enforce an administrative subpoena and ordering Respondent "to comply fully with the SEC's subpoena dated December 12, 2018 by **December 6, 2019**." (DE 39 at 2).

Respondent now seeks to stay the Court's order requiring its compliance with the subpoena. Respondent contends that a stay is necessary because "the SEC has been engaged in two (2) separate proceedings in this Court seeking to compel compliance with administrative subpoenas premised upon the same set of facts" and the Eleventh Circuit's

1

"ruling in the Marin Proceeding on appeal will ultimately resolve Respondent's opposition here." (DE 40 at 2). Because Respondent has failed to meet its burden, Respondent is not entitled to the "extraordinary remedy" of an injunction pending appeal under Federal Rule of Civil Procedure 62(c). See Touchston v. McDermott, 234 F.3d 1130, 1132 (11th Cir. 2000).

Although a stay is generally not entered for injunctions, a court may exercise its discretion to do so if the party seeking the stay meets its burden to show the following: "(1) a substantial likelihood that [the movant] will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the [movant] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." SEC v. Marin, 19-cv-20493-UU (S.D. Fla. 2019) (J. Ungaro) (quoting Touchston 234 F.3d at 1132).

In SEC v. Marin, 19-cv-20493-UU (S.D. Fla. 2019) (J. Ungaro), which Respondent argues is "inextricably linked" with this matter, Judge Ungaro adopted Magistrate Judge O'Sullivan's report and recommendation and granted the SEC's Application for an Order Enforcing Administrative Subpoenas. Id. at (DE 63). The Respondent in Marin then filed a notice of appeal and a motion to stay enforcement of the SEC's application pending the Eleventh Circuit's ruling. Judge Ungaro found that each of the four factors weighed against granting a stay and, therefore, denied Respondent's motion for a stay.[1]

---

[1] Respondent in Marin moved for a stay in the Eleventh Circuit Court of Appeals as well. That motion remains pending as of today's date. See Securities and Exchange Comm. v. Marin, No. 19-13990 (11th Cir. Oct. 31, 2019).

This Court finds the reasoning and analysis in Judge Ungaro's order denying the motion to stay applicable to this case, which is premised on the same underlying facts and involves the same ongoing SEC investigation. Accordingly, the Court **ADOPTS** the analysis in Judge Ungaro's order and incorporates it herein. *SEC v. Marin*, 19-cv-20493-UU (S.D. Fla. 2019) (J. Ungaro) (DE 72). Respondent's motion to stay enforcement of the SEC's petition (DE 40) pending the Eleventh Circuit's ruling in the *Marin* case is **DENIED** for the same reasons set forth in Judge Ungaro's order.[2] *Id.* Respondent is **ORDERED** to comply fully with the SEC's subpoena dated December 12, 2018 by **December 6, 2019**. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in chambers in Miami, Florida, this 3rd day of December, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] Respondent's argument that having two appeals addressing "identical facts and issues" is untenable fails because Respondent remains free to file a motion with the Eleventh Circuit to consolidate its appeals.

3